[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeared with her attorney, the defendant appeared pro se. All statutory stays having expired, the court has jurisdiction.
Having heard the evidence, the court finds as follows:
The defendant and the plaintiff, whose maiden name was Nilsen, intermarried at Killingworth, Connecticut on May 23, 1998; that the plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there are no minor children issue of the marriage; that there were no minor children born to the plaintiff since the date of the marriage of the parties; that the marriage has broken down irretrievably; that there is no hope of reconciliation and that no state agency is presently contributing to the care or welfare of the parties.
The plaintiff testified that the parties had separated temporarily on a few' occasions; that she left the defendant in August 2001; and that the breakup of the marriage was due to the defendant's bad temper, constant fighting and inability to get along; all of which affected her mentally and caused her to fall out of love with the defendant; that after she left the defendant, she has been harassed by the defendant through constant telephone calls which annoyed her roommate resulting in her roommate asking her to leave and live elsewhere.
The defendant was of the opinion that a reconciliation of the marriage was not impossible but that, as a result of the way plaintiff left the defendant, the defendant was affected mentally which caused him to seek CT Page 10310 medical help.
The plaintiff, who was born March 13, 1976, appears to be in good health except for herpes which she claimed she received from the defendant. She is on medication for said condition.
Plaintiff graduated from high school and attended Ridley Lowell for less than a year. During the marriage she has been continually employed except for short periods while changing employment. Presently, she is employed at Thames River Greenery as a Floral Designer and has a net income of about $475.00 per week.
The defendant, who was born July 30, 1973, appears to be in good physical health although he has herpes and claims to suffer from manic depression caused by the breakup of his marriage to the plaintiff He graduated from the New England Technical College in Warwick, Rhode Island. He has been employed by N.B. Group, Inc. for over four years. Presently, he is the warehouse manager and has a net weekly income of about $510.51.
The major complaint of the parties is the treatment of the First Union Debt. It was incurred when their marriage rings were purchased. The monthly payment was $82.00. The plaintiff would send one-half of the monthly payment to the defendant who would make the monthly payment. The plaintiff stopped paying her one-half in February because the defendant did not make the monthly payment although he cashed her check. Presently the debt is around $5,100.00. It has not decreased because of the interest accruing on said debt and the small monthly payment.
Based on the evidence presented it is clear that the marriage has broken down irretrievably without hope for reconciliation. I find that the defendant was more at fault for the breakdown of the marriage than the plaintiff.
After considering the provisions of Connecticut General Statutes (C.G.S.) §§ 46b-62, 46b-81 and 46b-82 and in light of the evidence, judgment is entered dissolving the marriage of the parties on the grounds of irretrievable breakdown. It is ordered that:
1. No alimony is awarded to either party.
2a. The defendant shall be solely responsible for the debts listed on his financial affidavit except for the First Union Debt.
b. The plaintiff shall be solely responsible for the debts listed on her financial affidavit except for the First Union Debt. CT Page 10311
c. As to the First Union Debt, the defendant shall cooperate in having said debt placed solely in the plaintiff's name. The defendant shall be responsible for one half of said debt and shall pay to the plaintiff $75.00 per month by immediate wage execution. The plaintiff shall add a like amount and pay to First Union $150.00 per month until said debt is paid. If the plaintiff fails to make any monthly payment due to First Union after receiving the defendant's payment, the wage execution on the defendant's employment shall terminate upon notice to the defendant of plaintiff's default.
d. Each party shall hold the other harmless on any debts listed herein.
3. The plaintiff shall own the Barbie dolls presently in the possession of the defendant and/or his mother. He shall give said dolls to the plaintiff or aid plaintiff in getting said dolls from his mother. Further, the plaintiff shall keep her jewelry, furniture and Charter Oak checking account.
4. The defendant shall remove the plaintiff's name from his bank accounts. Further, he shall own the 1999 Honda subject to any loan therein and hold the plaintiff harmless on any such loans; the Charter Oak account #4041874, the Local 371 CU #0000099541 and his 401K.
5. The plaintiff's maiden name shall be restored to her.
6. The defendant shall contribute $750.00 towards plaintiff's counsel fees within 60 days. CT Page 10312